# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

| | |
|---|---|
| **METRO CONSTRUCTION CO., INC.** ) | From the Shelby County Chancery Court |
| ) | at Memphis, Tennessee |
| Plaintiff/Appellee, ) | |
| ) | The Honorable Neal Small, Chancellor |
| **vs.** ) | |
| ) | Shelby Chancery No. 105725-1 R.D. |
| **COGUN INDUSTRIES, INC.,** ) | Appeal No. 02A01-9608-CH-00207 |
| ) | |
| \ ) | **REVERSED AND REMANDED** |
| ) | |
| Defendant/Appellant. ) | C. Hamilton Jarrett |
| ) | David A. Hughes |
| ) | Atlanta, Georgia |
| ) | Attorneys for Defendant/Appellant |
| ) | |
| ) | George D. McCrary |
| ) | Bartlett, Tennessee |
| ) | Attorney for Plaintiff/Appellee |

**FILED**

**September 4, 1997**

**Cecil Crowson, Jr.**
~~Appellate Court Clerk~~

## MEMORANDUM OPINION[1]

*HIGHERS, J.*

In this breach of contract case, Metro Construction Company, Inc. ("Plaintiff") filed suit against Cogun Industries, Inc. ("Defendant") for Defendant's alleged failure to pay Plaintiff under the terms of the contract between Plaintiff and Defendant. The trial court granted summary judgment in favor of Plaintiff and denied Defendant's motion to dismiss or, alternatively, to stay proceedings pending arbitration. Defendant appeals the judgment of the trial court arguing that the trial court erred in granting summary judgment in favor of Plaintiff and in not directing the case to arbitration pursuant to the arbitration clause in the contract. For the reasons stated hereafter, we reverse the judgment of the trial court which granted summary judgment in favor of Plaintiff, remand for entry of a stay order and direct this case to arbitration.

## FACTS

On January 28, 1993, Defendant entered into a written contract with the Whitehaven United Pentecostal Church ("Owner") for the construction of a $1,493,977 church building.

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent related case.

On February 23, 1993, Defendant subcontracted a portion of the contract to Plaintiff.

Pursuant to Article 8 of the contract between Plaintiff and Defendant (the "contract"), Plaintiff agreed to supply all labor and materials "necessary to perform a complete finish carpentry job per the plans and specifications." Article 12 of the contract provided that:

> Final payment . . . shall be made by the [Defendant] to the [Plaintiff] when the [Plaintiff's] work is fully performed in accordance with the requirements of the Contract Documents. . . . If, for any cause which is not the fault of the [Plaintiff], a Certificate for Payment is not issued or the [Defendant] does not receive timely payment or does not pay the [Plaintiff] within three working days after receipt of payment from the Owner, final payment to the [Plaintiff] shall be made upon demand.

According to the affidavit of Joe Savage ("Savage"), Plaintiff's president and principal shareholder, and the affidavit of Bill Young ("Young"), one of Plaintiff's supervisor's, Plaintiff's construction on the project proceeded in the ordinary course until August 24, 1993, the date Young approached Bill Russell ("Russell"), Defendant's superintendent, requesting that Russell call the architect so that the architect could inspect the material on the job site and confirm that the material was appropriate for the purpose intended before Plaintiff completed any work. On August 30, 1993, Russell advised Young that he had met with the architect and that the architect had personally inspected the plywood and had approved it.

Relying on Defendant's representation, Plaintiff installed the plywood onto the exterior of the building. Savage and Young further stated in their affidavits that Defendant inspected Plaintiff's work, approved Plaintiff's application for payment in late 1994 and paid Plaintiff for its work, with the exception of Plaintiff's ten percent retainage fee, which amounted to $10,916.

However, according to the affidavits of Russell and James Bareiter ("Bareiter"), Defendant's district manager, Defendant denied confirming to Plaintiff or to any of its agents that the plywood materials supplied, delivered and installed by Plaintiff were in

2

accordance with contract specifications.

On February 10, 1995, Plaintiff received a letter from Defendant advising that, according to the architect, every piece of the exterior plywood was defective and needed to be replaced.

Owner has not paid Defendant any of the funds due for the work performed by Plaintiff. Owner is withholding payment to Defendant based upon Owner's contention that the materials supplied and installed by Plaintiff do not comply with the contract specifications.

Plaintiff filed the present action seeking payment of its ten percent retainage fee due under the contract, which Defendant refuses to pay. Defendant, however, points our attention to Article 6 of the contract which provides:

> **Any controversy or claim between the [Defendant] and the [Plaintiff] arising out of or related to this Subcontract, or the breach thereof, shall be settled by arbitration**, which shall be conducted in the same manner and under the same procedure as provided in the Prime Contract with respect to claims between the Owner and the [Defendant], except that a decision by the Architect shall not be a condition precedent to arbitration. If the Prime Contract does not provide for arbitration or fails to specify the manner and procedure for arbitration, it shall be conducted in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise. (Emphasis added).

## LAW

The three issues before this Court are as follows:

1) Whether this suit should have been dismissed or stayed and submitted to arbitration pursuant to the arbitration clause in the contract;

2) Whether the trial court erred in granting Plaintiff's Motion for Summary Judgment; and

3) Whether the "Pay When Paid" clause in the contract relieves Defendant of any duty to pay Plaintiff until Defendant receives payment from Owner.

3

Tennessee has adopted the Uniform Arbitration Act (the "Act"). T.C.A. § 29-5-301(1980 & Supp. 1996). The Act provides that a "written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable save upon such grounds as exist at law or in equity for the revocation of any contract." T.C.A. § 29-5-302(1980 & Supp. 1996). The Act further provides that upon application of a party showing an agreement to arbitrate and the opposing party's refusal to arbitrate, "the court shall order the parties to proceed with arbitration." T.C.A. § 29-5-303(a)(1980 & Supp. 1996).

Plaintiff argues that this case should not be submitted to arbitration because there is no contractual dispute between Plaintiff and Defendant. Plaintiff contends that Defendant admitted that the plywood installed by Plaintiff met the contract specifications and that the architect approved and accepted the plywood Plaintiff installed. However, according to the affidavits of Russell and Bareiter, Defendant denies that it confirmed to Plaintiff or to any of its agents that the plywood Plaintiff installed was in accordance with contract specifications.

The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "[a]rbitration is a matter of contract, and a party cannot be required to submit a dispute to arbitration unless it has agreed to do so." International Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Pepsi-Cola Gen. Bottlers, Inc., 958 F.2d 1331, 1333 (6th Cir. 1992)(citing AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 648 (1986)). Where the contract between the parties contains an arbitration clause, the court should apply a presumption of arbitrability, resolve any doubts in favor of arbitration, and should not deny an order to arbitrate "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." United Steelworkers of America v. Mead Corp., 21 F.3d 128, 131 (6th Cir. 1994)(citing AT & T Technologies , 475 U.S. at 650). In determining whether the parties have agreed to submit a dispute to arbitration, the court

4

may not consider the potential merits of the underlying claims even if the claims appear to the court to be frivolous. International Bhd. of Teamsters, 958 F.2d at 1333 (citing AT & T Technologies, 475 U.S. at 649-50). See also Dean Witter Reynolds, Inc. v. McCoy, 853 F. Supp. 1023, 1028 (E.D. Tenn. 1994)(stating that the court is not to consider the potential merits of defendants' underlying claims in determining whether the dispute is arbitrable).

In the instant case, it is very clear that the parties agreed to settle any controversies or claims arising out of or related to the contract by arbitration. The plain language of Article 6 of the contract reveals that any controversy or claim between Plaintiff and Defendant arising out of or related to the contract shall be settled by arbitration. Tennessee's adoption of the Act makes valid, enforceable and irrevocable the parties' written agreement to submit their controversies and claims under the contract to arbitration. Thus, because the contract contained a written agreement to settle all controversies and claims arising out of or related to the contract by arbitration and because Tennessee's adoption of the Act makes valid, enforceable and irrevocable the parties' written agreement to arbitrate, the trial court erred in granting summary judgment in favor of Plaintiff. We, therefore, reverse the judgment of the trial court which granted summary judgment in favor of Plaintiff, remand for entry of a stay order and direct this case to arbitration.

Because of our disposition of the foregoing issues, the remaining issue raised on appeal is rendered moot.

The judgment of the trial court is hereby reversed, remanded for entry of a stay order and directed to arbitration. Costs on appeal are taxed to Appellee for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:

_____
CRAWFORD, P.J., W.S.


_____
LILLARD, J.